EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. GUILLERMO A. GIL, JUEZ, recurrido; LOUIS GREENWALD, interventor.

Número: O-68-331          Resuelto: 30 de diciembre de 1969

*J. F. Rodríguez Rivera, Procurador General, Interino,* y *Lydia Nieves Franqui, Procuradora General Auxiliar,* abogados del peticionario; *César Andreu Ribas* y *César Andreu Meguinoff,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Un Fiscal Especial General de Puerto Rico radicó una moción ante la Sala de San Juan del Tribunal Superior,

solicitando que a tenor con las disposiciones de la Ley Núm. 60 del año 1934 dictase una orden dirigida a Louis Greenwald para que muestre causa por la cual no deba ordenarse su traslado al Estado de Nueva York y que de determinarse que el testigo es necesario y de importancia en la investigación que se lleva a cabo en el Estado de Nueva York, Condado de Nassau, ante el Gran Jurado, se le ordene que se traslade a la jurisdicción de Nueva York, apercibiéndosele que de así no hacerlo podrá ser castigado en la misma forma que a cualquier otro testigo que no obedezca una citación expedida por un tribunal superior.

Se acompañó a la moción una certificación expedida por un juez de la corte del Condado de Nassau, Estado de Nueva York, haciendo constar el hecho de que el gran jurado del Condado de Nassau conducía una investigación sobre violaciones al Código Penal del Estado de Nueva York, consistentes en varios delitos graves y menos graves y que como consecuencia de dicha investigación ya se habían presentado acusaciones contra determinadas personas y otras desconocidas; que Louis Greenwald, residente de Puerto Rico, era un testigo esencial y necesario en la investigación que practicaba el gran jurado. Contiene además esa certificación otros detalles que son innecesarios relatar. Termina esa certificación con la recomendación de que Greenwald sea puesto bajo custodia y entregado a dos detectives del Condado de Nassau para asegurar su comparecencia como testigo ante el gran jurado del Condado de Nassau en determinada fecha.

También se unió a la moción dos declaraciones juradas prestadas, una por el fiscal del Condado de Nassau y la otra por el fiscal auxiliar de dicho Condado y que fueron las declaraciones juradas que sirvieron de base a la orden del juez de la corte del susodicho Condado.

Con vista de estos documentos y otros que es innecesario describir, el Tribunal Superior, Sala de San Juan, dictó la

orden para mostrar causa solicitada y señaló fecha para la comparecencia del señor Greenwald. Éste compareció por escrito oponiéndose a que se ordenara su traslado al Condado de Nassau, Estado de Nueva York. Entre otros fundamentos de oposición señaló (a) que nuestra Ley Uniforme para asegurar la asistencia de testigos en o fuera de Puerto Rico en casos criminales (34 L.P.R.A. sec. 1471) no cubre a los testigos citados para declarar en una investigación realizada por el gran jurado del Estado de Nueva York, no habiendo reciprocidad, en cuanto a este aspecto, entre Puerto Rico y el Estado de Nueva York, (b) que no es un testigo de importancia y necesario en la investigación que practica el gran jurado del Condado de Nassau, Estado de Nueva York, por no tener conocimiento personal de los hechos investigados, ni de los hechos relacionados en las acusaciones radicadas contra varias personas, (c) que teme por su seguridad personal y la de su familia, de ser obligado a trasladarse al Estado de Nueva York.

Durante la vista celebrada el fiscal presentó prueba documental y testifical. Mientras declaraba William Cahn, fiscal del distrito del Condado de Nassau, Nueva York, los fiscales solicitaron del tribunal que decidiera en ese momento si nuestra ley no autorizaba la citación de testigos para declarar en investigaciones de delito llevadas a cabo por el gran jurado del Estado de Nueva York, según alegaba Louis Greenwald. El tribunal resolvió la cuestión a favor de Greenwald y los fiscales dieron por terminado su caso, luego de denegárseles la reconsideración.

La ley de Puerto Rico titulada "Ley Uniforme para Asegurar la Asistencia de Testigos que se encuentren en o fuera del Estado Libre Asociado de Puerto Rico en Casos Criminales" fue aprobada el 13 de mayo de 1934. (34 L.P.R.A. secs. 1471 a 1475.) Esta ley procede de la "Ley Uniforme para Asegurar la Comparecencia de Testigos en o fuera del Estado en Casos Criminales" adoptada en 1931

por la Conferencia Nacional de Comisionados para Promover Leyes Uniformes para los Estados.

En 1936 la Conferencia Nacional adoptó una revisión de dicha ley introduciéndole ciertos cambios. Entre los más significativos de estos cambios están las disposiciones para obtener la presencia de testigos en relación con procedimientos investigativos ante el gran jurado así como en casos criminales y disposiciones para el arresto del testigo y entrega del mismo al estado requirente.

Nueva York, que había adoptado la Ley Uniforme para Asegurar la Comparecencia de Testigos en o fuera del Estado en Casos Criminales de 1931, enmendó su ley para conformarla a las nuevas disposiciones adoptadas por la Conferencia Nacional en 1936. Puerto Rico no enmendó su ley de 1934 hasta que en el año 1957 se aprobó la Ley Núm. 57 de 14 de junio de ese año para poner bajo sus disposiciones a los confinados. Más adelante haremos referencia a esta enmienda.

Nuestra Ley Uniforme de 1934, [1] tal como rige hoy dispone:

"§ 1471. Ley uniforme para asegurar la asistencia de testigos que se encuentren en o fuera de Puerto Rico en casos criminales—Citación de testigos en Puerto Rico para declarar en otro estado o territorio

Si un juez de una corte de récord en cualquier estado cuyas leyes autoricen la citación de testigos dentro del mismo estado para asistir y declarar en procesos criminales en Puerto Rico, certificare, bajo el sello de su corte, que pende ante la misma un proceso criminal por delito grave y que una persona que se encuentre en el Estado Libre Asociado es un testigo necesario en dicho proceso, y que se requiere su presencia durante cierto número determinado de días, al recibir dicha certificación, el juez de la sala del Tribunal Superior del lugar en que se encuentre dicha persona, señalará tiempo y lugar para una vista notificando de ello a dicho testigo.

[1] 34 L.P.R.A. sec. 1471.

Si en dicha vista el juez considera que el testigo es de importancia y necesario, que no causará indebida molestia a dicho testigo el que se le obligue a asistir al juicio y declarar en el mismo en el otro estado o territorio, que el testigo no tendrá que recorrer más de dos mil millas utilizando la vía ordinaria para llegar al sitio del juicio, y que las leyes del estado en el cual se halla pendiente el proceso y la de los estados a través de los cuales, siguiendo la ruta ordinaria, debe viajar el testigo le han de brindar protección para librarle de todo arresto o acción civil o criminal, ordenará una citación, a la cual unirá copia de la certificación, ordenando al testigo a que comparezca y declare ante la corte donde se halla el proceso pendiente en la fecha y el sitio indicado en la citación.

Si el testigo, una vez citado como se deja dicho, después de habérsele pagado u ofrecido el pago por persona debidamente autorizada de la cantidad de diez centavos por milla por recorrer en su viaje de ida y vuelta por la ruta ordinaria a la corte donde se halla el proceso pendiente, y cinco dólares por cada día que necesite para su viaje y comparecencia como testigo, dejare sin justa causa de comparecer y declarar como se le ordena en la citación, será castigado del modo dispuesto para castigar a todo testigo que no obedezca una citación expedida por el Tribunal Superior en Puerto Rico." (34 L.P.R.A., págs. 315–6.)

■ Un juez del Tribunal Superior de Puerto Rico solamente tiene facultad para ordenar una citación a un testigo residente en Puerto Rico para comparecer a otro estado o territorio siempre que se cumplan las condiciones y requisitos exigidos por nuestra Ley Uniforme. El precepto antes transcrito no autoriza la citación de testigos para declarar en la investigación que practique el gran jurado de cualquier estado o territorio. Veamos. La certificación que expida un juez de una corte de récord de cualquier estado para lograr que por un juez del Tribunal Superior de Puerto Rico se ordene la citación del testigo para comparecer en dicho estado, debe hacer constar "que pende ante la misma un proceso criminal por delito grave y que una persona que se encuentre en el Estado Libre Asociado es un testigo necesario en dicho

proceso. . . ." Lo que certifica el juez de la corte del Condado de Nassau es que Greenwald es un testigo importante y necesario en la investigación que practica el gran jurado. No se certifica que Greenwald sea un testigo necesario en un proceso criminal que pende ante la corte del Condado de Nassau. Más adelante el transcrito precepto impone al juez de Puerto Rico la obligación de determinar, en la vista que se celebre, que el testigo es de importancia y necesario y "que no causará indebida molestia a dicho testigo el *que se le obligue a asistir a juicio y declarar en el mismo* en el otro estado o territorio."

La citación interesada del testigo Greenwald, no es para asistir a juicio y declarar en el mismo. Más claro aun, la citación del testigo le ordena *"a que comparezca y declare ante la corte* donde se halla el proceso pendiente en la fecha y sitio indicado en la citación."

Cuando el precepto que comentamos dispone sobre la cantidad de dinero a pagarse al testigo por las millas recorridas en su viaje de ida y vuelta, lo limita a la "ruta ordinaria a la corte donde se halla el proceso pendiente . . . ."

■ Ahora bien, la enmienda hecha a nuestra ley por la Núm. 57 de 14 de junio de 1957 tuvo como propósito incluir bajo sus disposiciones a los confinados. En cuanto a éstos y por virtud de la mencionada enmienda, se amplió la facultad de los jueces de nuestro Tribunal Superior para ordenar la citación de confinados para asistir a causas pendientes ante un tribunal o ante el Gran Jurado de otros estados. Dispone la ley en lo pertinente:

"§ 1475a. Confinados como testigos en causas criminales dentro o fuera de Puerto Rico—Audiencia con vista de certificación de otro estado o territorio

Si un juez de un tribunal de récord en cualquier estado o territorio, cuyas leyes autoricen la citación de testigos confinados en instituciones penales y correccionales dentro del estado para comparecer ante los tribunales de Puerto Rico, certifica

que hay una causa criminal pendiente ante dicho tribunal o ante un gran jurado y que una persona confinada en una institución penal o correccional de Puerto Rico es un testigo esencial en dicha causa, y que se requiere su presencia durante determinado tiempo, al recibir dicho certificado, el Juez Superior de la Sala en cuyo territorio se encuentre el confinado, previa notificación al Secretario de Justicia, señalará fecha y sitio para una vista y ordenará que la persona a cargo del confinado lo haga comparecer a la vista.—Junio 14, 1957, Núm. 57, p. 142, art. 1, ef. Junio 14, 1957." (34 L.P.R.A. Suplemento Acumulativo, pág. 89.)

Claramente esta disposición cubre, en lo que al gran jurado respecta, únicamente a los confinados. No cubre por tanto a Greenwald.

Aunque nuestra ley dispone que sus disposiciones serán interpretadas teniendo en cuenta su propósito general de hacer uniforme los preceptos legales en los estados que los adopten o promulguen, no podemos por interpretación, incluir en la ley lo que nuestra Legislatura no incluyó. Nuestra Legislatura no ha adoptado o promulgado una legislación uniforme igual a la adoptada por el Estado de Nueva York, y otros estados más. Consideramos aconsejable que se enmiende nuestra ley para adoptar la recomendada en 1936 por la Conferencia Nacional de Comisionados para Promover Leyes Uniformes para los Estados. Sin embargo corresponde a nuestra Legislatura y no a nosotros, tomar esa decisión.

*Por las razones expuestas, se confirmará la resolución dictada por el Tribunal Superior, Sala de San Juan.*

El Juez Presidente Señor Negrón Fernández, no intervino.