El Pueblo de Puerto Rico, recurrido, *v.* Alexis Rosario Allende, peticionario.

Número: CE-93-645          *Resuelto:* 15 de marzo de 1994

*Fleming Castillo Alfaro*, abogado del peticionario; *Carlos Lugo Fiol, Subprocurador General*, y *Rose Mary Corchado Lorent, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

Examinamos por primera vez([1]) las obligaciones fiscales del Gobierno dimanantes de la Ley Uniforme para Asegurar la Asistencia de Testigos que se Encuentren en o Fuera de Puerto Rico en Casos Criminales, Ley Núm. 60 de 13 de mayo de 1934 (34 L.P.R.A. secs. 1471–1475).([2]) Esta ley establece un mecanismo para obtener una orden judicial del estado donde reside un testigo y compelerlo a testificar. Expongamos sucintamente los antecedentes procesales que dan génesis a esta breve incursión judicial.

---

([1]) En *Pueblo v. Tribunal Superior*, 98 D.P.R. 194 (1969), resolvimos que bajo las disposiciones de la Ley Núm. 60 de 13 de mayo de 1934 (34 L.P.R.A. secs. 1471–1475) un juez no está facultado para citar a un testigo residente para declarar en una investigación ante un Gran Jurado de un estado o territorio.

Nos basamos en que dicha ley nunca fue enmendada para compeler comparecencias ante un Gran Jurado.

([2]) Su génesis es el *Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Cases*, adoptada por la Conferencia Nacional de Comisionados Para Promover la Uniformidad de Legislación en los Estados de la Unión, año 1931 (11 *Uniformed Laws Annotated (U.L.A.* Sec. 1 *et seq.).* Eventualmente fue aprobada por todos los cincuenta (50) estados. R. Wasserman, *The Subpoena Power: Pennoyer's Last Vestige*, 74 Minn. L. Rev. 37, 153–155 (1989).

"La ley es aplicable sólo entre dos estados que la hayan adoptado. El primer paso que se ha de tomar es solicitar del juez en el Estado en que se llevará a cabo el juicio (*demanding state*) una certificación que, entre otros hechos, establezca que el testigo es uno material en un proceso pendiente en una corte de récord en ese Estado. Esta certificación se remite a un juez de una corte de récord en el estado en que se encuentra el testigo (*requested state*). Este juez, luego de una vista, emite las órdenes apropiadas.

"El objetivo de la Ley Uniforme es promover la ejecución de las leyes criminales y la administración de la justicia en procedimientos criminales en los diversos estados, al permitir a los tribunales, a través de la cooperación voluntaria de los tribunales de otro estado con la misma legislación, asegurar la comparecencia de testigos de ese otro estado para dar testimonio en un proceso criminal o investigación de un gran jurado." (Traducción nuestra y escolios omitidos.) Anotación, *Uniform Act to Secure Attendance of Witnesses from Without a State in Criminal Proceedings*, 44 A.L.R.2d 732, 733 (1955).

I

El Ministerio Público acusó a Alexis Rosario Allende de asesinato en primer grado, tentativa de asesinato e infracciones a los Arts. 5, 6-A, 8 y 8-A de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 415, 416a, 418 y 418a. El 3 de agosto de 1993 Rosario Allende notificó la defensa de coartada al amparo de la Regla 74 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Posteriormente, solicitó que el tribunal citara como sus testigos a diez (10) personas, la mayoría residentes en Nueva York.

El Ministerio Público expresó no tener reparos a la citación de cinco (5) de los testigos, pero adujo que los gastos de citar y transportar tres (3) de esos testigos residentes en Nueva York eran responsabilidad de la Sociedad Para Asistencia Legal (en adelante Sociedad). El tribunal (Hon. Igrí Rivera de Martínez, Juez) dictaminó que la defensa tenía derecho a la citación compulsoria de los testigos indispensables para su defensa de coartada a base de los criterios de *pertinencia y necesidad.* Sin embargo, responsabilizó a la Sociedad del pago de su transportación y sus gastos, por estar en mejor condición económica que el Estado para sufragarlos. Subsiguientemente, en una vista el 6 de octubre de 1993, la Sociedad indicó que la citación podía esperar, pues el Ministerio Público estaba investigando la defensa de coartada y quizás ello tornaba innecesario dicho trámite. Adujo que carecía de los recursos económicos necesarios para pagar *la totalidad de los gastos*, pues disponía de una partida presupuestaria que se distribuiría entre sus trece (13) oficinas en la isla y sólo podía sufragar la *mitad.* Se comprometió a realizar las gestiones para traer a los testigos si el Estado ponía a su disposición sus recursos, en términos de agencias de viajes y hoteles. Por su parte, el Ministerio Público manifestó que no era aconsejable esperar por el resultado de su investigación en torno a la coartada; y aunque no tenía reparos en ayudar a la So-

ciedad a citar a los testigos, reiteró que el Departamento de Justicia no se comprometía a pagar sus gastos. *El tribunal reafirmó su dictamen.*

Mediante orden de mostrar causa, acogemos el *certiorari* de la Sociedad.

## II

■ Según indicado, la Ley Núm. 60, *supra*, establece un mecanismo para que nuestras autoridades citen judicialmente a un testigo residente en otro estado para compelerlo a testificar. A menos que exista un acuerdo o convenio, ningún estado puede obligar a un no residente a comparecer así.[3] El estado solicitante deberá satisfacerle los gastos de viaje y compensarle su tiempo —*Barber v. Page*, 390 U.S. 719, 723 esc. 48 (1968)— según los límites dispuestos por ley.[4]

El Art. 2 de la Ley Núm. 60, *supra*, 34 L.P.R.A. sec. 1472, cubre *los testigos no residentes*.

Si un habitante de un estado, por cuyas leyes pueda ordenarse a las personas que en él residan a comparecer y declarar en juicios criminales en Puerto Rico, es un testigo necesario en

---

[3] Al proponer un cambio a la Regla 45(e) de Procedimiento Civil federal, 28 U.S.C., Cathaleen A. Roach se refirió así al estatuto uniforme:

"La adopción es notoria, sin embargo, por la uniformidad y ampliación que provee a los tribunales estatales de lo criminal en materia de poder de citación. La ley provee autoridad nominal de citación de testigos en juicios criminales, siempre que el "estado hermano" —el estado al cual es citado el testigo— reciproque haciendo a sus ciudadanos potencialmente disponibles como testigos en los correspondientes juicios criminales del Estado hermano. El Estado al cual el testigo es citado tiene también que protegerlo de citación (*service of process*) respecto a cualquier otra litigación mientras el testigo esté declarando en el juicio criminal." (Traducción nuestra y escolio omitido.) C.A. Roach, *It's Time to Change the Rule Compelling Witness Appearance at Trial: Proposed Revisions to Federal Rule of Civil Procedure 45(e)*, 79 Geo. L.J. 81, 107 (1990).

[4] No obstante la Sec. 3 del *Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings*, 11 *Uniformed Laws Annotated (U.L.A.)* Sec. 3 n. 14, disponer unas tarifas por millaje y días de viaje, varios tribunales han dictaminado que no es responsabilidad del Estado cubrir los gastos de citación del testigo. Ello no viola el derecho del acusado a obtener la comparecencia compulsoria de testigos. Véase Anotación, *supra*, Sec. 5.

un proceso por delito grave pendiente en el Tribunal Superior de Puerto Rico, el juez de dicho tribunal puede expedir una certificación bajo el sello del tribunal exponiendo estos hechos y especificando el número de días por el que necesitará a dicho testigo. Esta certificación será presentada al juez de una corte de récord del condado donde resida dicho testigo.

Si se ordena al testigo que comparezca y declare en el procedimiento criminal que se lleva a cabo en el Estado Libre Asociado, se le pagará la cantidad de diez (10) centavos por milla a la ida y a la vuelta siguiendo la ruta de viaje ordinaria, y cinco (5) dólares diarios por cada día que necesite para su viaje y comparecencia como tal testigo. A un testigo que haya comparecido de acuerdo con lo que dispone la citación, no se le exigirá que permanezca en Puerto Rico más tiempo que el período mencionado en la certificación. 34 L.P.R.A. sec. 1422.

■ La íntima interacción de la Ley Núm. 60, *supra*, con el Art. II, Sec. 11 de nuestra Constitución, L.P.R.A., Tomo 1, ed. 1982, págs. 307–308 —expositiva de que "[e]n todos los procesos criminales, el acusado disfrutará del derecho a ... obtener la comparecencia compulsoria de testigos a su favor"— es evidente. *Pueblo v. Acosta Escobar*, 101 D.P.R. 886, 889 (1974). Véanse, además: *Pueblo v. López Guzmán*, 131 D.P.R. 867 (1992); *Pueblo v. Lausell Hernández*, 121 D.P.R. 823 (1988); *Pueblo v. Burgos Hernández*, 113 D.P.R. 834 (1983). A fin de cuentas, con recta lógica se ha dicho que "[m]ientras el derecho a confrontación es el arma defensiva del acusado en cuanto a prueba testifical adversa, el derecho de comparecencia compulsoria es el arma ofensiva en cuanto a prueba testifical favorable a la defensa". E.L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. I, pág. 630.

■ Claro está, al invocar el Art. 2 de la Ley Núm. 60, *supra*, todo acusado tiene que demostrar satisfactoriamente que la declaración del testigo es pertinente,([5]) nece-

---

([5]) Es abundante la lista de casos federales y estatales que examinan el tipo y la cantidad de evidencia necesaria para sostener quién es "testigo material" al amparo de la Ley Uniforme para Asegurar la Asistencia de Testigos que se Encuentren en o

saria y, además, debe designar y suministrar adecuadamente su localización y dirección. No corresponde al Estado esa gestión.([6])

## III

Con vista a esta normativa, es obvio que la ilustrada sala de instancia erró al dictaminar que la Sociedad era la única responsable de cubrir los gastos de estos testigos. Conforme la Ley Núm. 60, *supra*, una vez expedida la citación compulsoria, el Estado debe pagarle a cada testigo "la cantidad de diez (10) centavos por milla a la ida y a la vuelta siguiendo la ruta de viaje ordinaria, y cinco (5) dólares diarios por cada día que necesite ...". 34 L.P.R.A. sec. 1472.

En el caso de autos, ello equivale a autorizar el pago de viaje hasta la suma de ciento cincuenta y nueve dólares con setenta centavos ($159.70), más cinco dólares ($5) por cada día que sea menester su presencia por razón de la comparecencia.

*Se dictará la correspondiente sentencia.*

---

Fuera de Puerto Rico en Casos Criminales. Anotación, *Sufficiency of Evidence to Support or Require Finding that Out-of-State Witness in Criminal Case is "Material Witness" Justifying Certificate to Secure Attendance Under Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings,* 12 A.L.R.4th 742 (1982); Anotación, *Sufficiency of Evidence to Support or Require Finding that In-state Witness in Criminal Case is "Material and Necessary" Justifying Issuance of Summons Directing Attendance of Witness Under Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings,* 12 A.L.R.4th 771 (1982).

([6]) Véanse: *Fitzgerald v. Armontrout,* 963 F.2d 1062, 1063 (8vo Cir. 1992); *U.S. v. Tanner,* 941 F.2d 574, 585–586 (7mo Cir. 1991); *U.S. v. Moore,* 917 F.2d 215, 231 (6to Cir. 1990); *U.S. v. Gonzalo Beltrán,* 915 F.2d 487, 489–490 (9no Cir. 1990); *U.S. v. Mount,* 896 F.2d 612, 621 (1er Cir. 1990); *U.S. v. Scopo,* 861 F.2d 339, 345–346 (2do Cir. 1988); *United States v. Kowalchuk,* 773 F.2d 488, 497–498 (3er Cir. 1985); *United States v. Valenzuela-Bernal,* 458 U.S. 858, 873 (1982); *State v. Tindall,* 242 S.E.2d 806 (1978); F.C. Sullivan, *Criminal Trial Procedure,* 44 La. L. Rev. 301, 318 (1983).