En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico<br>     Peticionario<br><br>       V.<br><br>Luis Vega Rosario<br>Angel Rodríguez Marcano<br>Carlos J. Fuentes Jiménez<br>     Recurridos | Certiorari<br><br>99 TSPR 112 |

Número del Caso: CC-1996-0199

Abogados de la Parte Peticionaria: Hon. Carlos Lugo Fiol,
Procurador General
Lcdo. Edgardo Rodríguez Quilichini

Abogados de la Parte Recurrida:   Lcda. Zinia I. Acevedo Sánchez
Lcdo. Ramón Delgado Rodríguez
Lcdo. Jorge M. Vilá González
Lcda. Angela L. Bigio de Rivera

Tribunal de Primera Instancia, Subsección de Distrito, Sala de Caguas

Juez del Tribunal de Primera Instancia: Hon. Concepción del Pilar Igartúa

Tribunal de Circuito de Apelaciones: Circuito Regional VI Caguas-Humacao

Juez Ponente: Hon. López Vilanova

Fecha: 7/1/1999

Materia: Procedimiento Criminal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**En el Tribunal supremo de puerto rico**

**El Pueblo de Puerto Rico**

    **Peticionario**

      v.                         CC-96-199     CERTIORARI

Luis Vega Rosario
Angel Rodríguez Marcano
Carlos J. Fuentes Jiménez

    **Acusados-recurridos**

**OPINIóN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LóPEZ**

San Juan, Puerto Rico, 1 de julio de 1999

Teniendo presente las consecuencias legales que el[
tiene, ¿le asiste el derecho a la defensa de un imputado [
delito a citar, <u>y calificar</u>, como testigo de defensa --en [
vista preliminar que establece la Regla 23 de Procedimien[
Criminal-- a una persona a quien el ministerio público le to[
declaración jurada en la etapa investigativa del caso, pe[
que <u>no</u> incluyó en la denuncia como testigo de cargo?

                      I

Por eventos acaecidos en el mes de noviembre de 199[
contra los aquí acusados recurridos se determinó cau[
probable para arresto por el delito de Robo y violación [
varios artículos de la Ley de

Armas de Puerto Rico.[1] Así las cosas, llegado el día para la celebración de la vista preliminar, uno de los abogados solicitó la suspensión de la misma. El tribunal accedió al pedido. Acto seguido, la representación legal de otro de los co-imputados solicitó la citación de cierta persona como testigo de defensa, a saber: el niño José R. Del Valle. Este, con motivo de haber sido testigo presencial de los hechos, había sido entrevistado y depuesto por el fiscal durante la investigación del caso, pero no había sido incluido en la denuncia como testigo de cargo.

Ante la solicitud de la defensa, el representante del Ministerio Público se opuso. Alegó que el testigo era uno de cargo pues había sido entrevistado por el fiscal en la etapa investigativa del caso y la naturaleza de su testimonio, plasmado el mismo en una declaración jurada, así lo demostraban. Asimismo, solicitó que se enmendara la denuncia y se incluyera al niño como testigo de cargo. El tribunal denegó el pedido de la defensa y accedió a la solicitud de enmienda a la denuncia hecha por el ministerio fiscal.

Insatisfecho con la determinación del tribunal de instancia, los imputados acudieron al Tribunal de Circuito de Apelaciones, solicitando la paralización de los procedimientos y la revocación de la resolución en cuestión. El Tribunal de Circuito de Apelaciones, luego de paralizar los procedimientos, resolvió a favor de los imputados; esto es, determinó que los imputados tenían el derecho a citar al niño como testigo de defensa.

Inconforme, acudió ante nos el Ministerio Público, representado por el Procurador General. Plantea que, a su juicio, erró el Tribunal de Circuito de Apelaciones al acceder al pedido de la defensa. Su punta de lanza, o argumento principal, es que ellos no están obligados a consignar, en la denuncia, los nombres de todos sus testigos de cargo.

El 24 de julio de 1996, una Sala Especial de Verano de este Tribunal expidió el auto solicitado. En su alegato,

---

[1] Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.

**los acusados recurridos plantean que la sentencia emitida por el Tribunal de Circuito debe confirmarse. Esto porque, a su entender, el testigo en cuestión sería interrogado por ambas partes en pro de la justicia y del "debido proceso de ley". Añade que el Estado no comprende la naturaleza de la decisión impugnada. Por último, invoca el derecho de los imputados a presentar prueba a su favor en la etapa de vista preliminar.**

Por su parte, el Procurador General, en un extenso escrito, clama por la revocación de la sentencia. Esgrime en apoyo a su contención que, alegadamente, el Tribunal de Circuito apoyó su decisión en dos premisas erróneas:

(a) "si en la denuncia no se incluye como testigo a una persona, este no es "testigo de cargo" a los fines de la vista preliminar.

(b) por razón del derecho constitucional a la comparecencia compulsoria de testigos de defensa, en la vista preliminar el imputado tiene derecho a la citación de testigos que no aparezcan en la denuncia como testigos de cargo."[2]

Atendidos los argumentos de ambas partes, resolvemos.

## II

La Sección 11 del Artículo II de nuestra Constitución establece que "[en] todos los procesos criminales, el

---

6.
[2] **Alegato del peticionario, pág. 4.**

acusado disfrutará del derecho ... [de] carearse con los testigos de cargo [y de] obtener la comparecencia compulsoria de testigos a su favor". Véase, además: Olga E. Resumil, Derecho procesal penal, Tomo I, Equity Publishing, New Hampshire, 1990, §3.6, pág. 25.

Hemos expresado, de manera incidental, que esos derechos constitucionales, en específico el derecho a obtener la comparecencia compulsoria de testigos a su favor, sólo cobijan al imputado en la etapa del juicio. Véase: Efraín Meléndez, Fiscal Especial Independiente, res. el 30 de marzo de 1994, 135 D.P.R. __ (1994). (Enfasis suplido). Ello, basado en el fundamento de que el juicio es el momento realmente culminante y crítico ya que en el mismo es donde se adjudica, en sus méritos, la inocencia o culpabilidad del acusado. Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985).

El Procurador General, luego de expresar que el derecho a la comparecencia compulsoria de testigos, garantizado por la Sexta Enmienda de la Constitución Federal cobija al imputado únicamente en la etapa del juicio, afirma, categóricamente, que "no hay factura más ancha bajo nuestra sección 11." Según el Procurador, este derecho sólo existe durante el juicio, y no aplica a las etapas anteriores.

El Procurador nos insta a que rechacemos cualquier aplicación de la cláusula del debido proceso de ley a la controversia ante nos. En apoyo a su contención, el Estado expresa que cuando una disposición constitucional aborda

cierto aspecto de forma específica, no debe acudirse a disposiciones generales como la del debido proceso de ley para adjudicar la controversia. Como fundamento, el Estado cita una decisión del Supremo Federal: <u>Albright</u> v. <u>Oliver</u>, 510 U.S. 266, 273 (1994).[3] <u>Veamos</u>.

## III

Es cierto que la Sección 11 del Artículo II de nuestra Constitución es la fuente del derecho del acusado a obtener la comparecencia compulsoria de testigos a su favor; no es menos cierto, sin embargo, que, en la etapa de vista preliminar, un imputado de delito grave tiene varios derechos sumamente importantes, <u>garantizados los mismos por disposiciones estatutarias y reglamentarias</u>.

La vista preliminar ha sido descrita como "el umbral del debido proceso de ley". En ésta, el imputado tiene un surtido limitado de derechos --<u>estatutarios</u>-- que le cobijan. Al describir el procedimiento durante la vista, la

---

[3] **El mismo reza. "[w]here a particular amendment provides an explicit textual source of Constitutional protection, against a particular sort of government behavior, that amendment, not the more generalized motion of substantive due process must be the guide for analizing these claims." Esto, en obvia referencia al principio de especialidad.**

**Es importante reseñar que la expresión del Juez Rehnquist en la sentencia de <u>Albright</u> fue hecha con relación al pleito civil presentado por un estudiante amparándose en violación a la sección 1983 de la Ley Federal de Derechos Civiles. En la aplicación, el Supremo entendió que un planteamiento de arresto sin que, alegadamente, mediare causa probable se debía analizar a la luz de la IV Enmienda y no a través de las nociones generales del "debido proceso de ley". Fíjense que es harto sabido que la aludida sección de la Ley Federal de Derechos Civiles no es fuente de derecho alguno.**

Regla 23 de Procedimiento Criminal[4] dispone que: "[l]a persona podrá contrainterrogar los testigos en su contra y ofrecer prueba a su favor.[5] El fiscal podrá estar presente en la vista y podrá también interrogar y contrainterrogar a todos los testigos y ofrecer otra prueba."

No hay duda de que una vez incorporados ciertos derechos, por acción legislativa, éstos se convierten en parte integral del debido proceso de ley. Pueblo v. Esquilín Díaz, res. el 20 de octubre de 1998, 98 TSPR 138; Pueblo v. Ortiz Couvertier, 132 D.P.R. 883 (1993); Pueblo v. Prieto Maysonet, 103 D.P.R. 102, 106 (1974). Ése es el caso del derecho del imputado a presentar prueba en la vista preliminar instrumentada a través de la Regla 23 de Procedimiento Criminal. Huelga decir que tal derecho no es liviano.

La cláusula de *debido proceso de ley*[6] ha sido denominada como la "disposición matriz de la garantía de los derechos individuales ante la intervención injustificada del Estado con el ciudadano."[7] La profesora Resumil, acertadamente, señala que "[l]a doctrina que surge de su interpretación,..., tiene el efecto de garantizar la aplicación de los derechos concedidos en la Constitución, permitiendo su extensión aun a procedimientos para los

---

[4] 34 L.P.R.A. Ap. II, R. 23.
[5] Véase Hernández Ortega v. Tribunal, 102 D.P.R. 765, 774 (1974); El Vocero de P.R. v. Puerto Rico, 131 D.P.R. 356, 409 (1992).
[6] Ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley.
[7] Olga E. Resumil, Op. cit., pág. 26.

cuales no fueron diseñados."[8] Tal es el caso de la comparecencia compulsoria de testigos.

Difícilmente puede hablarse del derecho a presentar prueba a su favor, estatuido en la vista preliminar, sin atender el derecho a obtener la comparecencia compulsoria de testigos. Ambos derechos están íntimamente relacionados. El carácter pragmático y circunstancial del debido proceso de ley así nos lo impone. Pueblo v. Suárez Sánchez, 103 D.P.R. 10 (1974); Connecticut v. Doehr, 501 U.S. 1, (1991).

Al permitir que el imputado presente prueba a su favor en la vista preliminar, éste tiene al menos dos herramientas: (1) ataca la probabilidad de que, en efecto, se haya infringido la ley, esto es, la existencia misma del delito imputado, y/o (2) demuestra que es menos probable que él haya cometido el delito; probabilidades alrededor de las cuales, precisamente, gira la determinación de causa probable para acusar.[9]

La importancia de la comparecencia compulsoria de testigos es insoslayable. Así ha sido descrita como: "el arma ofensiva en cuanto a prueba testifical favorable a la defensa". Pueblo v. Rosario Allende, res. el 15 de marzo de

---

[8] Id.

De otra parte, el Supremo Federal ha resuelto que aún cuando una regla o procedimiento criminal no violente una de las garantías específicas de la Carta de Derechos, podría, de todas formas, infringir la cláusula de "debido proceso" si ofende algún principio de justicia tan arraigado en las tradiciones y conciencias del pueblo [norteamericano] como para otorgarle rango fundamental. Medina v. California, 505 U.S. 437, 445 (1992), citando a Patterson v. New York, 432 U.S. 197 (1977).

1994, 135 D.P.R. ___ (1994), citando a Chiesa, E. L., Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. I, Forum, 1991, pág. 630. Claro está, para la etapa de vista preliminar, el imputado deberá intentar, de primera intención y por sus propios medios, la comparencia del testigo. Sólo luego de que esa gestión resulte infructuosa, es que debe intervenir el tribunal, a solicitud de la defensa, ordenando la comparecencia compulsoria del testigo. De esta manera el derecho a presentar prueba en vista preliminar no quedará trunco.

Ciertamente, la facultad de presentar prueba, y, por ende, la comparecencia compulsoria de testigos en la etapa de vista preliminar, no tiene un alcance irrestricto. Sin embargo, debe velar el tribunal por la eficacia y validez de los derechos del imputado en la vista. Impedir que se presenten testigos a favor del imputado constituye una actuación arbitraria e irrazonable. El derecho a presentar prueba no es un mero formalismo.[10]

Desde otro ángulo, es de notarse que, hasta el presente, la única limitación que tiene un imputado de delito, en cuanto al derecho a la citación de testigos a nivel de vista preliminar, es con respecto a los "testigos de cargo". La limitación consiste en torno a aquellos testigos consignados en la denuncia como "testigos de cargo" que no son utilizados por el fiscal en dicha vista. Pueblo v. Rodríguez Aponte, ante.

---

[9] **Pueblo v. Rodríguez Aponte**, *ante*, pág. 664 citando a **Pueblo v. Tribunal de Distrito**, 97 D.P.R. 241 (1969).

En esas circunstancias, hemos resuelto que para que la defensa tenga acceso a un testigo de cargo, consignado al dorso de la denuncia, tiene que hacer una demostración *prima facie* de que el testigo solicitado "puede aportar prueba exculpatoria que razonablemente y con toda probabilidad, derrotaría la estimación de causa probable para acusar." Id., pág. 669.

Es evidente que la situación contemplada en Rodríguez Aponte, *ante,* no es completamente similar a la de autos. La principal diferencia consiste en que, en el presente caso, el testigo solicitado por la defensa no estaba consignado en la denuncia como testigo de cargo, como tampoco fue renunciado por el fiscal y puesto a la disposición de la defensa.

**V**

¿Tiene derecho la defensa de un imputado de delito a que se califique, en la etapa de vista preliminar, como testigo de defensa a una persona a quien el ministerio fiscal le tomó declaración jurada en la etapa investigativa del caso pero que no lo incluyó en la denuncia como testigo de cargo? ¿Está impedido el ministerio público, en la mencionada etapa de vista preliminar, de utilizar como testigo de cargo a dicha persona por el mero hecho de no haberlo designado como tal en la denuncia?

La contestación a las anteriores interrogantes tiene que ser en la negativa. Veamos por qué.

---

[10] **Cf. Pueblo v. Rivera Rivera, Sentencia de 24 de junio de 1996.**

No podemos pasar por alto el hecho, claro y obvio, de que, de ordinario, la razón por la cual la representación legal de los imputados de delito pretende, o insiste, en que se califique a un testigo en particular como uno de defensa es para que el ministerio fiscal no pueda presentar al mismo como su testigo, durante su turno de presentación de prueba, en la vista preliminar a ser celebrada; situación que, incluso, podría desembocar en la determinación de no causa probable a nivel de vista preliminar.[11] Ello así por cuanto si dicha persona es la única que puede aportar prueba sobre uno, o varios, de los elementos del delito, y el Estado está impedido de utilizarlo por ser éste "testigo de defensa", el desenlace o resultado antes mencionado puede resultar inevitable.

Dicha situación <u>resulta ser totalmente inaceptable</u>. En <u>primer</u> lugar, no podemos perder de vista nuestra advertencia a los efectos de que los procesos judiciales ciertamente <u>no</u> son competencias deportivas en las cuales prevalece el más listo. <u>Pueblo</u> v. <u>Tribunal Superior</u>, 92 D.P.R. 117 (1965). En <u>segundo</u> término, debe mantenerse bien presente que el objetivo principal de todo proceso judicial es la búsqueda de la verdad. <u>Pueblo</u> v. <u>Rodríguez Aponte</u>, *ante*. Siendo ello así, el hecho de que el ministerio público cometa un error ––esto es, omita consignar en la

---

[11] **La intención de la defensa en el caso de autos, obviamente, es ejemplo vivo de dicha táctica. Esto, a la luz del hecho de que, ni ante el foro apelativo ni ante nos, no han presentado ni rastro de indicio en cuanto a la forma y manera en que el testigo solicitado constituye**

denuncia, como testigo de cargo, a determinada persona-- <u>no</u> puede constituir un obstáculo al descubrimiento de la verdad, objetivo que en ocasiones, no hay duda, resulta difícil.[12]

De todas formas, debe recordarse que hace algún tiempo este Tribunal resolvió que, ante la posibilidad de que se cometa un desvarío de la justicia, y con el propósito de evitar que ello suceda, el magistrado que preside un proceso judicial criminal tiene autoridad, como parte del poder inherente que poseen los tribunales, para requerir la declaración de determinado testigo en situaciones en que el testimonio de dicha persona puede ayudar a esclarecer la verdad y a que se haga justicia. <u>Pueblo</u> v. <u>Pabón</u>, 102 D.P.R. 436 (1974).

Resolvemos, en consecuencia, que <u>a nivel de vista preliminar</u> el procedimiento debe ser uno flexible respecto a las etiquetas de testigo "de cargo" o "de defensa" que pretenden imponer las partes, atando así las manos no sólo al adversario sino también al tribunal. Los "motes o apellidos" que se atribuyen a los testigos <u>no</u> son, <u>ni</u> pueden ser, controlantes para el magistrado que preside la misma. Repudiamos las ataduras que impedirían que un juez,

---

**prueba de defensa capaz de derrotar la existencia de causa probable para acusar.**

[12] **La novelesca noción de que, justo antes de que "caiga el telón" en un proceso criminal, aparecerá un "testigo estrella" que llenará todas las lagunas surgidas e, incidentalmente, hará deslucir al adversario, son propias del sensacionalismo, desconocimiento y algún grado de ciencia ficción. Cf., C.E. Torcia, <u>Wharton's Criminal Procedure</u>, 13th ed., Vol. II, Lawyer's Cooperative Publishing, N.Y. 1990, § 333, pág. 545.**

guiado por su conciencia, determine causa probable conforme a derecho.[13]

El objetivo que se persigue en la etapa de vista preliminar es uno: evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal.[14] Así, únicamente serán sometidos al proceso formal del juicio aquellas personas en contra de la cuales existe la probabilidad de que sean los responsables de la comisión del acto delictivo.[15] Sólo si el Estado tiene suficiente prueba para continuar con el proceso judicial es que procede la determinación de causa probable contemplada en la Regla 23 de Procedimiento Criminal.

**A esos efectos, debe permitírsele al Estado utilizar a cualquier testigo que pueda aportar luz sobre los hechos delictivos que se le imputan al acusado, como también debe permitírsele a éste presentar la prueba que pueda destruir esa probabilidad, acción para la cual debe contar con el apoyo del poder coercitivo del tribunal para citar a las personas.**

Es preciso aquí recordar que una determinación errónea de existencia o de inexistencia de causa probable para acusar es, en ambos supuestos, igualmente peligrosa y perjudicial al sistema de justicia. Tender redes u obstáculos, ya sea por parte de la defensa o del ministerio

---

[13] **Aclaramos, por supuesto, que lo aquí resuelto no elimina, de forma alguna, la obligación que tiene el ministerio público de consignar, al dorso de la denuncia, el nombre de los "testigos de cargo" que pretende utilizar en la vista preliminar.**

[14] **Pueblo v. Rivera Alicea, 125 D.P.R. 37 (1989).**

público, atenta flagrantemente contra la búsqueda de la verdad. Así pues, reconocemos la plena y vigorosa facultad de un magistrado que preside una vista preliminar, a que, en casos como el de autos, elimine el matiz que las partes pretenden otorgar a un testigo --sea de cargo o defensa-- y, de entenderlo necesario para la justa determinación de causa probable, lo cite como testigo del tribunal. Después de todo, la responsabilidad de impartir justicia recae, de manera principal, sobre los hombros del magistrado que preside los procedimientos.

## VI

Resumiendo: como norma general, y como consecuencia lógica del derecho que concede la Regla 23 de Procedimiento Criminal de presentar prueba a su favor, un imputado de delito tiene derecho a la comparecencia compulsoria de testigos en la vista preliminar que la citada disposición reglamentaria establece y regula; en relación con los testigos de cargo enumerados en la denuncia, que no son utilizados como testigos por el ministerio fiscal en la referida vista preliminar, el imputado de delito tendrá derecho a citarlos como testigos siempre que demuestre que el testigo pueda aportar prueba exculpatoria que razonablemente, y con toda probabilidad, derrotará la estimación de causa probable para acusar, demostración que igualmente tendrá que hacer en la situación de los testigos que no aparecen en la denuncia, pero a quienes el fiscal le

---

[15] **Pueblo** v. **Rivera Rodríguez**, res. el 31 de marzo de 1995,

tomó declaración jurada; el imputado de delito no tiene derecho a que se califique, en la etapa de vista preliminar, como testigo de defensa a una persona a quien el ministerio fiscal le tomó declaración jurada en la etapa investigativa del caso pero que no fue incluido, por error, como testigo de cargo en la denuncia; el ministerio público no está impedido de utilizar como testigo de cargo a dicha persona en la vista preliminar; y, por último, e independientemente de lo anteriormente expresado, el magistrado que preside la vista preliminar podrá citar como testigo a cualquier persona que él entienda puede ayudarlo a hacer la determinación correcta en derecho.

## VII

Atendido lo anteriormente expresado, resulta mandatorio decretar la revocación de la sentencia emitida en el presente caso por el Tribunal de Circuito de Apelaciones; procediendo la devolución del mismo al tribunal de instancia para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado


**138 D.P.R. ___ (1995).**

**En el Tribunal supremo de puerto rico**


**El Pueblo de Puerto Rico**

    **Peticionario**

      v.                              CC-96-199        CERTIORARI

Luis Vega Rosario
Angel Rodríguez Marcano
Carlos J. Fuentes Jiménez

    **Acusados-recurridos**


**SENTENCIA**


San Juan, Puerto Rico, 1 de julio de 1999


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones en el presente caso; devolviéndose el mismo al tribunal de instancia para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita. El Juez Presidente señor Andréu García no intervino.


                    Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo