EL PUEBLO DE PUERTO RICO, recurrido, *v.* NESTOR CAN-
CEL HERNÁNDEZ y OTRA, acusados peticionarios.

*Número:* O-81-424     *Resuelto:* 30 de octubre de 1981

*Manuel Martínez Umpierre*, abogado de los peticionarios; *Héctor A.
Colón Cruz, Procurador General*, y *Américo Serra, Procurador
General Auxiliar*, abogados de El Pueblo.

PER CURIAM: Tres enmascarados asaltaron un negocio
de venta y reparación de motoras, propiedad del acusado.
Dieron muerte a la hija del acusado e hirieron a su esposa.
Mientras el acusado se encontraba en el hospital tratando
de salvar a su hija y atender a su esposa, la Policía entró a
la residencia del acusado, sita en los altos del negocio. Un
agente alega haber visto allí un tiesto con unas matas de
marihuana. Se procedió entonces a acusar al asaltado por

violar la Ley de Sustancias Controladas y por portación ilegal de un arma cargada. El acusado tenía licencia para poseer el arma.

Celebrada la lectura de la acusación, el acusado solicitó, a fines de preparar su defensa, que el tribunal de instancia dictase una orden para que Fiscalía le notificase "los nombres y direcciones de todas y cada una de las personas que fueron entrevistadas por el Ministerio Público en la investigación de este caso, incluyendo a los testigos a los cuales se les tomó declaraciones juradas, así como a los que no le [*sic*] fueron tomadas". El Tribunal Superior denegó de plano la solicitud. Dictamos orden de mostrar causa por la cual no debe revocarse esta resolución.

La Regla 95 de Procedimiento Criminal dispone, en parte:

> Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación, el tribunal podrá ordenar al fiscal que produzca para ser inspeccionados, copiados o fotografiados por el acusado o su abogado, determinados objetos, libros, documentos y papeles que no fueren declaraciones juradas, con excepción de la declaración del propio acusado, que El Pueblo hubiese obtenido del acusado o de otras personas mediante orden judicial o de otro modo y que pudieren ser necesarios para la preparación de la defensa del acusado, independientemente de que El Pueblo se propusiere ofrecerlos en evidencia o de que los mismos fueren admisibles en evidencia.

Esta Regla ha sido interpretada por este Tribunal de modo amplio, aunque con el debido cuidado de no vulnerar legítimos intereses gubernamentales. En *Pueblo* v. *Tribunal Superior*, 80 D.P.R. 702, 704 y 705 (1958), al reconocer el derecho del acusado a obtener copia de cualquier declaración o confesión prestada por él durante la investigación preliminar del caso, nos referimos a la tendencia imperante "de conceder al acusado las más amplias oportunidades para defenderse" y afirmamos que "No se debe

perder de vista que el objetivo de todo procedimiento judicial es el esclarecimiento de la verdad".

En *Pueblo* v. *Ribas*, 83 D.P.R. 386, 389 (1961), donde resolvimos que el fiscal debe poner a la disposición de la Defensa las declaraciones juradas de los testigos de cargo luego que declaren en el juicio, para facilitar su contrainterrogatorio, señalamos que:

> Es esencial a nuestro sistema de gobierno que se establezcan aquellas prácticas procesales que hagan más fácil el descubrimiento de la verdad. En una verdadera democracia todo ciudadano tiene derecho a que si es acusado de delito público, se le procese y condene bajo unas reglas que le garanticen un juicio justo en el concepto lato del término, ya que el estado no está interesado en interponer obstáculos para que se conozcan todos los hechos y pueda descubrirse la verdad.

En *Pueblo* v. *Quiñones Ramos*, 99 D.P.R. 1 (1970), revocamos expresamente una larga serie de casos y establecimos la norma de que la Defensa puede inspeccionar las declaraciones juradas en poder del Ministerio Público de los testigos de cargo renunciados por constituir prueba de carácter acumulativo. Véanse, además, las reglas formuladas en *Hoyos Gómez* v. *Tribunal Superior*, 90 D.P.R. 201 (1964); *Pueblo* v. *Hernández García*, 102 D.P.R. 506 (1974); *Pueblo* v. *Tribunal Superior*, 102 D.P.R. 470 (1974); *Pueblo* v. *Delgado López*, 106 D.P.R. 441 (1977); *Pueblo* v. *Rodríguez Sánchez*, 109 D.P.R. 243 (1979).

La trayectoria que ha seguido la jurisprudencia de este Tribunal en las últimas décadas coincide con la tendencia en varias jurisdicciones. En algunas de estas, como en Inglaterra, Canadá y Vermont, se ha ido aún más lejos y rige la regla de total acceso al sumario fiscal. *Pueblo* v. *Hernández García*, supra, pág. 509. Algunos tribunales estadounidenses la favorecen. *United States* v. *Hibler*, 463 F.2d 455 (1972); *Shuler* v. *Wainwright*, 341 F.Supp. 1061, 1072 (1972). La Asociación Americana de Abogados la respalda de lleno. *The ABA Standards for Criminal Jus-*

*tice*, 2da ed., Vol II, 1980, estándar 11-2.1; véase *Pueblo* v. *Tribunal Superior*, supra, pág. 478.

La inclinación histórica de este Tribunal, sin embargo, en ausencia de directriz legislativa o exigencia constitucional en contrario, ha sido la de intentar, situación a situación, armonizar los intereses envueltos y proteger tanto los derechos del acusado como los del estado. *Pueblo* v. *Tribunal Superior*, supra. En *Pueblo* v. *Rodríguez Sánchez*, supra, pág. 248, dijimos:

> El descubrimiento de prueba en el proceso criminal debe enancharse hasta donde permita la competencia entre el interés del acusado en su defensa y la confidencialidad de determinados documentos y expedientes, moderada por una discreción judicial que habrá de decidir si la utilidad que para la defensa representa esa prueba supera los intereses del Estado y de terceras personas a cuya protección va dirigida la norma de secretividad.

Este enfoque es utilizable para resolver el caso presente, sin necesidad de entrar en consideraciones constitucionales o de otra índole.

En el caso de autos, el acusado hizo una clara demostración prima facie de su necesidad de la información requerida. Debido a las heridas que sufrieron miembros de su familia, una de ellas mortal, él estuvo ausente en el curso del registro de su morada. Ignora las personas que presenciaron los hechos y que fueron entrevistadas por Fiscalía. Él no está solicitando las declaraciones juradas tomadas por el Ministerio Público, sino tan solo los nombres y direcciones de las personas interrogadas, para preparar adecuadamente su defensa. Si alguna de estas personas puede presentar prueba favorable al acusado, el fiscal está en la obligación de suplir la información requerida y la propia prueba exculpatoria, aún sin que se le solicite. *Brady* v. *Maryland*, 373 U.S. 83 (1963); *United States* v. *Agurs*, 427 U.S. 97 (1976). Si la prueba que puedan ofrecer tales personas es de naturaleza acumu-

lativa o inocua, en nada se afectan los intereses legítimos del Estado. En las circunstancias específicas de este caso debe ponerse a disposición de la Defensa la información solicitada, a menos que el Ministerio Público pueda probarle al juzgador de instancia que el descubrimiento de determinado nombre afectaría la seguridad del Estado o la de terceras personas, que amenazaría la naturaleza privilegiada de la información o que le causaría mayor perjuicio al Estado que beneficio a la Defensa.

*Por las condiciones expuestas, se revoca la resolución recurrida y se devuelve el caso a instancia para procedimientos ulteriores consistentes con esta opinión.*

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.