EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Edgar A. Rodríguez González<br><br>Peticionario | Certiorari<br><br>2019 TSPR 77<br><br>202 DPR ____ |

Número del Caso: CC-2018-465

Fecha: 17 de abril de 2019

Tribunal de Apelaciones:

    Región Judicial de Guayama – Fajardo – Humacao

Abogados de la parte peticionaria:

    Lcda. Blanca Záez Ortiz

Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procurador General, Interino

    Lcdo. Andrés A. Pérez Correa
    Procurador General Auxiliar

Materia: Derecho Procesal Penal- El Ministerio Público está impedido de anunciar como testigo un perito después de manifestar que no lo utilizaría, y tras la defensa anunciarlo como su testigo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Edgar A. Rodríguez González<br><br>Peticionario | CC-2018-0465 | |

**EL JUEZ ASOCIADO SEÑOR RIVERA GARCÍA emitió la opinión del Tribunal.**

> "*[L]os procesos judiciales ciertamente no son competencias deportivas en las cuales prevalece el más listo. […] [E]l objetivo primordial es la búsqueda de la verdad*".[1]

En San Juan, Puerto Rico, a 17 de abril de 2019.

En esta ocasión la cuestión planteada responde a ciertas consideraciones que forman parte del proceso de descubrimiento de prueba. Específicamente, se plantea la interrogante siguiente: ¿tiene derecho la defensa de un imputado de delito a que se califique como su testigo a un perito a quien, durante el proceso de investigación, el Ministerio Público solicitó un informe pericial pero no lo incluyó en la denuncia ni la enmendó para incluirlo y anunció en corte abierta que no lo utilizaría en el juicio?

---

[1] (Citas omitidas). *Pueblo v. Vega*, 148 DPR 980 (1999). Véase *Pueblo v. Rodríguez Aponte*, 116 DPR 653 (1985); *Pueblo v. Tribunal Superior*, 92 DPR 116 (1965).

En otros términos, ¿puede el Ministerio Público anunciar como testigo de cargo a un perito después que decidió y expresó que no lo utilizaría cuando la defensa lo anunció como su testigo en el descubrimiento de prueba?

Por los fundamentos que esbozamos a continuación, determinamos que el Ministerio Público está impedido de utilizar a un testigo como perito luego de manifestar, reiteradamente, que no lo utilizaría como testigo de cargo y luego que la defensa lo anunciara como su testigo, sin la oposición de la Fiscalía.

A continuación, exponemos los hechos que dieron origen al recurso ante nuestra consideración.

## I

El Sr. Edgar A. Rodríguez González (señor Rodríguez González o peticionario) fue acusado de infringir varias disposiciones del Código Penal de 2004 y transgredir la *Ley para el bienestar y protección integral de la niñez*, Ley Núm. 177 de 1 de agosto de 2003, según enmendada (Ley Núm. 177).[2] El 11 de mayo de 2017 el Ministerio Público presentó las acusaciones correspondientes y la lista de los testigos que se proponía utilizar en el juicio. Luego de varios trámites procesales, el 12 de junio de 2017 el peticionario presentó una *Moción sobre primera solicitud al amparo de la*

---

[2] Específicamente, los Arts. 142 y 144 del Código Penal de 2004 y el Art. 75 de la *Ley para el bienestar y protección integral de la niñez*, Ley Núm. 177-2003, 8 LPRA sec. 444.

*Regla 95 de Procedimiento Criminal*. Entre otras cosas, solicitó

> **[c]ualquier informe**, libro, documento, fotografía, estimado de daños, papel o evidencia objetiva que tenga en su poder la Policía de Puerto Rico **o el Fiscal** como consecuencia de análisis, pruebas, investigaciones realizadas por los mismos en relación con el caso de epígrafe **que pretenda utilizar el Pueblo de Puerto Rico** y/o pudiese ser necesario para la preparación de la defensa del acusado.[3]

También solicitó el nombre, la dirección, el número de teléfono y el *curriculum vitae* de **"cualquier perito que pretenda utilizar el Ministerio Público como prueba de cargo"** con sus respectivos informes, notas, hojas de trabajo, etc., que le hubieran suministrado como parte de su gestión profesional o pericial.[4]

El Fiscal presentó una *Moción sobre R. 95 de Procedimiento Criminal.* Como réplica a la solicitud hecha por el señor Rodríguez González, incluyó los documentos siguientes: las notas de la agente investigadora, las advertencias, la tarjeta de querella, el informe del incidente y el informe general de la querella.[5] En cuanto al resto de los documentos solicitados, **incluso la lista de testigos peritos que se proponía utilizar, señaló que "se notificará".**[6]

---

[3] Apéndice de la Petición de *certiorari*, págs. 96-98.
[4] Íd.
[5] Véase *Moción sobre R. 95 de Procedimiento Criminal*, Apéndice de la Petición de certiorari, págs. 66-67.
[6] Íd.

El 15 de junio de 2017 el señor Rodríguez González presentó una *Moción anunciando perito y solicitud de fechas para entrevistas*. Informó que contrató los servicios de la Dra. Eunice Alvarado, quien es psicóloga clínica, para que entrevistara a las presuntas víctimas. Ese mismo día, se celebró una vista de estado de los procedimientos. Allí, el Tribunal de Primera Instancia concedió al Ministerio Público diez días para replicar la solicitud de descubrimiento de prueba de la defensa relacionada a la solicitud para contratar a la perito. **El Ministerio Público no contestó.**

Así las cosas, el 2 de agosto de 2017 el peticionario presentó una *Urgente moción en solicitud de autorización* en la que reiteró su solicitud para que un perito especializado en casos de abuso sexual evaluara a las víctimas. Arguyó que sería una herramienta útil en la búsqueda de la verdad. El Ministerio Público presentó una *Oposición a moción anunciando perito y solicitud de fechas para entrevistas*. **Señaló que el Estado no realizó evaluaciones psicológicas ni había anunciado a ningún perito.** Por ello, sostuvo que la defensa tampoco tenía derecho a examinar a las presuntas víctimas. El foro primario denegó el petitorio del señor Rodríguez González y le concedió cinco días para informar si restaba por determinar algún asunto relacionado al descubrimiento de prueba.

En desacuerdo con el dictamen, el peticionario presentó, sin éxito, una solicitud de reconsideración. En

cuanto al estatus sobre el descubrimiento de prueba, mediante *Moción en cumplimiento de orden sobre Regla 95*, el peticionario informó al tribunal que **el Ministerio Público nunca unió copia de los informes médicos de <u>dos peritos</u> que habían examinado a las víctimas**.[7] Sostuvo que el Fiscal no proveyó información sobre la especialidad de las doctoras, el tipo de intervención que realizaron, su participación en el caso ni el contenido de sus testimonios durante el juicio.[8] Suplicó, nuevamente, al tribunal que ordenara al Fiscal a proveer copia de lo solicitado.

Posteriormente, ante la denegatoria del foro primario de permitirle contratar a una perito, acudió ante el Tribunal de Apelaciones. En su escrito, alegó que la fiscalía había realizado exámenes psicológicos a las presuntas víctimas. Por tal razón, requirió que se le concediera la misma oportunidad de realizar evaluaciones psicológicas con un perito de su selección. En la alternativa, solicitó que el tribunal nombrara un perito neutral que llevara a cabo las evaluaciones correspondientes. Así las cosas, el Ministerio Público, mediante *Escrito en cumplimiento de orden*, <u>**arguyó nuevamente que no pretendía traer el testimonio de un perito psicólogo**</u>. Persuadió al tribunal para que denegara la

---

[7] Apéndice de la Petición de *certiorari*, págs. 63-64.
[8] Íd.

solicitud del peticionario ya que, según apuntó, era improcedente.[9]

El 10 de enero de 2018 el foro de primera instancia celebró una vista sobre estado de los procedimientos. Allí, el peticionario volvió a plantear que no había recibido copia del *Informe Médico Forense* que realizó la Dra. Linda Laras (doctora Laras o la perito), **el cual solicitó al Fiscal como parte del descubrimiento de prueba, aproximadamente <u>siete meses antes</u>**.

El Ministerio Público, luego de presentar varios documentos que utilizaría como parte de la prueba, alegó que envió el informe de la perito que la defensa solicitó a una dirección de correo electrónico incorrecta.[10] Sin embargo, aclaró que "como parte de las conversaciones con la defensa, ofreció el informe de la doctora Laras" pero reafirmó que la doctora **"<u>no era testigo de cargo</u>"**.[11]

El foro apelativo intermedio emitió una *Sentencia* en la que **denegó el petitorio** del señor Rodríguez González para contratar una perito.[12] Concluyó que no existía justificación para autorizar la evaluación psicológica solicitada, **ya que el Procurador General recalcó que el Ministerio Público no tenía la intención de anunciar prueba**

---

[9] Véase *Escrito en cumplimiento de orden*, Apéndice de la Petición de *certiorari*, págs. 18-34.

[10] *Escrito en cumplimiento de orden*, págs.18-34. Véase, además, *Minuta*, 11 de enero de 2018, págs. 60-62.

[11] *Minuta* de 11 de enero de 2018, págs. 60-62.

[12] *Sentencia del Tribunal de Apelaciones*, 12 de febrero de 2018, CC-2018-0238.

**pericial** para demostrar que las víctimas fueron abusadas.[13] Razonó que "ningún perjuicio sufriría un acusado al negársele el derecho a examinar psicológicamente a la presunta víctima, si, por ejemplo, el Ministerio Público no pretende poner en controversia su estado mental ni intenta ofrecer prueba pericial en forma de una opinión diagnóstica".[14] Como el Fiscal no utilizaría a la doctora Laras como testigo-perito, el 15 de febrero de 2018, la defensa le remitió una carta en la que informó que se proponía a utilizarla como su testigo en el juicio.

Posteriormente, inconforme con el dictamen que emitió el foro apelativo intermedio, el peticionario presentó una petición de *certiorari*, junto a una moción en auxilio de jurisdicción, ante este Tribunal.[15] Peticionó, nuevamente, que se le permitiera contratar a un facultativo experto que evaluara a las víctimas. Planteó que la propia Ley Núm. 177, *supra*, exige que en estos casos el tribunal cuente con informes periciales sociales y médicos antes de adjudicar alegaciones de maltrato en todas sus modalidades.[16] Sostuvo que el Ministerio Público tenía "dos informes médicos periciales los cuales, por no convenirle, ha informado en la etapa apelativa que no los utilizará".[17]

---

[13] Íd.
[14] Íd.
[15] A este recurso se le asignó el alfanumérico CC-2018-0238.
[16] *Petición de certiorari*, pág. 2.
[17] Íd.

En cuanto al auto de *certiorari* y la moción en auxilio de jurisdicción que presentó ante este Tribunal, al no expresarnos inmediatamente, el trámite ante el foro primario continuó. Así, el 28 de febrero de 2018 se celebró una vista sobre un asunto interlocutorio en otra sala y ante otro juez.[18] Específicamente, el señor Rodríguez González había solicitado la desestimación de los cargos por violación al debido proceso de ley ya que **el informe de la doctora Laras ⸺que el Ministerio Público entregó tardíamente⸺ contenía prueba exculpatoria.** El peticionario también realizó un planteamiento ético contra el Fiscal a cargo del caso.

El juez sentenciador expresó que "no había nada que resolver debido a que el descubrimiento de prueba fue completado".[19] Añadió que "existe un asunto que podría tomarse [sic] ético, pero el asunto presentado en la vista de hoy es procesal de la Regla 95".[20] En consecuencia, determinó que no hubo intención de ocultar prueba y que la dilación ocurrió por "la razón que siempre ocurre por los asuntos periciales del Departamento de Justicia".[21] El juicio en su fondo se pautó para comenzar el 7 de marzo de 2018.

---

[18] Véase *Minuta*, Apéndice de la Petición de *certiorari*, págs. 35-36.
[19] Íd.
[20] Íd.
[21] Íd.

El 6 de marzo de 2018 emitimos una Resolución en la que denegamos paralizar y expedir el auto de *certiorari* que presentó el señor Rodríguez González. Ello, luego de considerar que **el Ministerio Público "no tenía intención de anunciar prueba pericial para demostrar que las víctimas habían sido abusadas"**, según lo estipuló en su comparecencia. (Énfasis suplido).

Al día siguiente, cuando se reanudaron los procedimientos en el Tribunal de Primera Instancia —**justo antes de juramentar preliminarmente al jurado**— el Ministerio Público solicitó al tribunal que le permitiera incluir a la doctora Laras como testigo de cargo.

El peticionario objetó y, entre otras cosas, alegó que el Ministerio Público en un sinnúmero de ocasiones manifestó que no la utilizaría como testigo. **Precisó que el 15 de febrero de 2018 le envió una carta en la que informó que esta sería parte de los testigos de la defensa.** Arguyó que la solicitud del Estado se presentó de forma tardía y sorpresivamente, ya que transcurrieron dos años desde que el fiscal se comunicó por primera vez con la perito y no fue sino hasta el día del juicio que solicitó que se incluyera como testigo de cargo. Peticionó el aval del tribunal para que la doctora Laras se mantuviera como parte de los testigos de la defensa. Por su parte, el Ministerio Público refutó y, aunque reconoció que el peticionario le había remitido una lista en la que figuraba el nombre de la

perito como uno de los testigos, sostuvo que "la defensa falló al no hacer su solicitud formal ante el tribunal".[22]

El foro de primera instancia denegó la petición del señor Rodríguez González y declaró con lugar la solicitud del Ministerio Público.[23] La Jueza que atendió el asunto señaló que, aunque estaba consciente de que el Fiscal había determinado previamente que no la utilizaría, "nada impedía que este incluyera a la perito como parte de sus testigos".[24] Resaltó que las Reglas de Procedimiento Criminal permiten que este incluya testigos sin dar justificación. Precisó que la defensa conocía que existía un informe de la doctora por lo que la petición no era sorpresiva.[25] En consecuencia, resolvió que el Estado la podía utilizar como testigo de cargo.[26]

El 28 de marzo de 2018 el señor Rodríguez González acudió al Tribunal de Apelaciones y presentó una petición de *certiorari*.[27] Señaló que el Tribunal de Primera Instancia erró al permitir que el Ministerio Público utilizara el testimonio de la doctora Laras como testigo de cargo cuando nunca la anunció como tal, sino que fue la defensa quien la anunció como su testigo. Por esta razón, sostuvo que conforme al estado de derecho vigente, el Estado está

---

[22] *Minuta enmendada*, Apéndice de la Petición de *certiorari*, págs. 54-58.

[23] Íd.

[24] Íd.

[25] Íd.

[26] En ese momento ordenó la entrada de los tres paneles de candidatos a jurado y el alguacil los nombró confirmando su comparecencia. De este modo, se dio comienzo al juicio.

[27] Apéndice de la Petición de *certiorari*, págs. 39-52.

impedido de intervenir con los testigos de la defensa, excepto en el juicio para propósitos del contrainterrogatorio.

El foro apelativo intermedio concedió al Estado un término para expresarse. El Ministerio Público, representado por la Oficina del Procurador General, presentó un *Escrito en cumplimiento de orden*.[28] Reconoció que "la representación legal del Sr. Rodríguez González le envió una carta al Ministerio Público el 15 de febrero de 2018, en la cual le informó que pretendían utilizar a la Dra. Linda Laras como testigo de defensa".[29] Sin embargo, arguyó que "la solicitud de que la Dra. Laras se incluyera como testigo de defensa no se presentó en el tribunal".[30]

Adujo que el Ministerio Público fue quien contactó primero a la perito para preparar un informe, por lo tanto, era a quien le correspondía la prerrogativa de establecer si esta sería testigo de cargo.[31] Añadió que ese testimonio no constituye un acto sorpresivo porque el peticionario conocía el contenido del informe desde enero de 2018. Finalmente, sostuvo que "incluir otros testigos en la acusación es considerado como un defecto de forma, el cual no afecta los derechos sustanciales del acusado".[32]

El peticionario replicó y, en síntesis, refutó el hecho de que si el Estado, como parte de la investigación, obtiene

---

[28] Íd., págs. 15-34.
[29] Íd.
[30] Íd.
[31] Íd., pág. 19.
[32] Íd.

un informe de un facultativo experto, no convierte a este último automáticamente en testigo de cargo. **Máxime cuando en distintas ocasiones el fiscal informó, y así se hizo constar para el expediente, que no la utilizaría como su testigo.** Insistió en su planteamiento de que una vez el Estado establece que una persona no será testigo de cargo y la defensa lo anuncia como su testigo, el primero está impedido de entrevistarlo como su testigo, excepto en la etapa del contrainterrogatorio en el juicio.

El 20 de abril de 2018 el Tribunal de Apelaciones emitió una *Resolución* en la que denegó la petición para expedir el *certiorari*.[33] Inconforme aún, el 11 de mayo de 2018 el señor Rodríguez González presentó ante esta Curia una *Petición de certiorari*, junto a una *Moción solicitando se ordene paralización de los procedimientos y en auxilio de jurisdicción*.

Examinados los planteamientos del peticionario, emitimos una *Resolución* en la que paralizamos los procedimientos ante el Tribunal de Primera Instancia y concedimos al Procurador General un término de veinte días para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen recurrido. El 13 de junio de 2018 el Ministerio Público presentó un *Escrito en cumplimiento de Orden de mostrar causa*. En síntesis, reitera que el Ministerio Público es quien tiene la

---

[33] Apéndice de la Petición de *certiorari*, págs. 2-7.

prerrogativa de utilizar a la doctora Laras como testigo de cargo. Alega que el hecho de no incluirla en las acusaciones no significa que la testigo esté disponible para la defensa. Sostiene que esto no constituye un acto sorpresivo, ya que el peticionario conocía el contenido del informe. Finalmente, arguye que este hecho no afecta los derechos ni ocasiona ningún perjuicio sustancial al acusado, y que, en todo caso, constituye un defecto de forma que puede ser subsanado en cualquier momento.

Luego de examinar la petición de *certiorari* y con el beneficio de la comparecencia del Estado, procedemos a resolver.

## II

*A.   El derecho a una defensa adecuada*

Nuestra Constitución garantiza el derecho de todo acusado a preparar adecuadamente su defensa.[34] Como parte de esta garantía hemos reconocido como fundamental el derecho a obtener, mediante descubrimiento de prueba, evidencia que pueda favorecerle.[35] Específicamente, el Art. II, Sec. 7 de la Constitución de Puerto Rico reconoce el derecho de toda persona a un debido proceso de ley como condición previa a ser privado de su libertad.[36]

---

[34] Art. II, Sec. 11, Const. PR., LPRA, Tomo 1, ed. 2016. Véanse, además, *Pueblo v. Sanders Cordero*, 199 DPR 827, 835 (2018); *Pueblo v. Custodio Colón*, 192 DPR 567, 579 (2015); *Pueblo v. Santa-Cruz Bacardi*, 149 DPR 223, 231 (1999); *Pueblo v. Arocho Soto*, 137 DPR 762, 766 (1994).
[35] Íd.
[36] Const. PR., *supra*, Art. II, Sec. 7. Véase, además, *Pueblo v. Olmeda Zayas*, 176 DPR 7, 14 (2009).

Así, hemos resuelto que el derecho al descubrimiento de prueba es consustancial con el derecho de todo acusado a defenderse adecuadamente en un proceso criminal en su contra.[37] Esta protección dimana esencialmente del debido proceso de ley, y también se fundamenta en el derecho a confrontarse con los testigos de cargo.[38]

Además, el derecho de todo acusado lleva consigo el derecho a informarse debidamente en preparación de su defensa.[39] Este requisito legal tiene como fundamento conceder al acusado el tiempo necesario para prepararse.[40] Este derecho también está garantizado por la Sexta Enmienda de la Constitución federal. Esta cláusula constitucional dispone que en todas las causas criminales el acusado gozará, entre otros, el derecho "a ser informado de la naturaleza y causa de la acusación".[41] Así, el derecho a tener una defensa adecuada puede quedar menoscabado cuando,

---

[37] *Pueblo v. Guzmán*, 161 DPR 137, 147 (2004); *Pueblo v. Arzuaga*, 160 DPR 520, 530 (2003); *Pueblo v. Santa-Cruz Bacardi*, *supra*, pág. 231; *Pueblo v. Arocho Soto*, *supra*, pág. 766, citando a *Pueblo v. Echevarría Rodríguez I*, 128 DPR 299, 324 (1991); *Pueblo v. Rodríguez Sánchez*, 109 DPR 243 (1979); *Pueblo v. Tribunal Superior*, 102 DPR 470 (1974); *Hoyos Gómez v. Tribunal Superior*, 90 DPR 201, 203 (1964).

[38] Const. PR., *supra*, Art. II, Sec. 7 y 11. Véase, además, *Pueblo v. Olmeda Zayas*, *supra*.

[39] *Hoyos Gómez v. Tribunal Superior*, *supra*, pág. 204. Véase, además, *Pueblo v. Olmeda Zayas*, *supra*; *Pueblo v. Arzuaga*, *supra*, pág. 530.

[40] *Pueblo v. Morales Rivera*, 112 DPR 463 (1982).

[41] "In all criminal prosecutions, the accused shall enjoy the right to [...] be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor [...]". Emda. VI, Const. EE. UU., LPRA, Tomo 1. Al igual que los demás derechos a favor del acusado establecidos por la citada enmienda, este derecho es parte del debido procedimiento de ley garantizado por la Decimocuarta Enmienda. Véase, además, *Pueblo v. Amparo Concepción*, 146 DPR 467, 472 (1998).

por ejemplo, las actuaciones del tribunal constituyen una limitación irrazonable.[42]

*B. El descubrimiento de prueba y el deber de informar*

Las Reglas de Procedimiento Criminal constituyen el vehículo procesal para garantizar el acceso a un proceso justo y equitativo.[43] La fuente estatutaria que establece y rige los procedimientos del descubrimiento de prueba se encuentra en la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II.

Esta regla instituye el derecho del acusado a conocer la prueba que se presentará en el juicio. Asimismo, preceptúa el mecanismo que el acusado tiene para solicitar al tribunal que le autorice a inspeccionar, copiar o fotocopiar todo aquel material o información que esté en posesión, custodia o control del Ministerio Público relevante para preparar adecuadamente la defensa del acusado.

En lo pertinente, la Regla 95 en el inciso (a) dispone que previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación o denuncia, y dentro del término prescrito para someterla, el tribunal ordenará al Ministerio Fiscal que permita al acusado inspeccionar, copiar o fotocopiar el material o información

---

[42] Véase, *Pueblo v. Ortiz Couvertier*, 132 DPR 883 (1993), citando a E. L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. I, Sec. 7.9, págs. 449-550.

[43] Regla 1 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, pág. 450 (ed. 2016). Véase, además, *Pueblo v. Arzuaga*, *supra*.

siguiente que esté en posesión, custodia o control del Ministerio Fiscal: "[c]ualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal".[44]

Por su parte, la Regla 95B de Procedimiento Criminal, *supra*, establece que el Ministerio Público tiene la obligación recíproca de informar al acusado sobre cualquier prueba o material adicional que fue previamente requerido y que está sujeto al descubrimiento de prueba.[45] Este precepto en su inciso (b) preceptúa que el descubrimiento de prueba previsto en las Reglas 95 y 95A debe completarse **"en un plazo no mayor de diez (10) días antes del juicio"**.[46] (Énfasis suplido).

Es el tribunal el encargado de ejercer la forma en que se hará el descubrimiento, así como los términos y las condiciones que considere justos y necesarios.[47] En ese sentido, tiene el deber de "garantizar un procedimiento que conduzca a la presentación de la evidencia adecuada que sea pertinente a la controversia de hechos, evitando hasta donde sea posible que la sorpresa y la ocultación —resultado inevitable del proceso adversativo— oscurezcan e impidan

---

[44] 34 LPRA Ap. II, pág. 591 (ed. 2016).
[45] Íd. pág. 592 (ed. 2016).
[46] Íd. Véase, además, *Pueblo v. Guzmán*, 161 DPR 137, 149 (2004).
[47] 34 LPRA Ap. II, inciso (d), pág. 591 (ed. 2016).

la búsqueda de la verdad".[48] **El conocimiento anticipado de los testigos habilitará a la defensa a ejercer sus funciones de forma efectiva y permitirá que el acusado goce del derecho a una defensa adecuada.**

*C. Notificación y renuncia de testigos*

En nuestro ordenamiento jurídico procesal penal hay distintos mecanismos que están diseñados para facilitar y asegurar que el procedimiento criminal que se lleva contra el acusado le provea acceso a la información necesaria para defenderse adecuadamente.[49] Precisamente, el concepto de adecuada notificación es uno de los componentes básicos del debido proceso de ley.[50]

La Regla 52 de Procedimiento Criminal dispone que, **antes del juicio**, el Ministerio Público entregará al acusado una copia de la acusación con una lista de testigos, incluso antes de que formule acusación alguna.[51] Es decir, al momento de presentar formalmente la acusación **el Ministerio Público tiene la obligación de escribir al dorso la lista de los testigos que utilizará en el juicio.** De lo contrario, el acusado podrá solicitar la desestimación de la acusación o la denuncia. En lo pertinente, la Regla 64 (ñ) erige que se podrá presentar una moción para desestimar la acusación o denuncia, o cualquier cargo de estas cuando **"no se ha**

---

[48] *Pueblo v. Tribunal Superior*, *supra*, págs. 126-127.

[49] Íd., citando a 2 Lafave and Israel, *Criminal Procedure*, 1984, Sec. 19.2, pág. 435.

[50] *Pueblo v. Rivera Rivera*, 145 DPR 366, 377-378 (1998), citando a Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, *op. cit*, 1993, Vol. III, pág. 29.

[51] 34 LPRA Ap. II, pág. 527 (ed. 2016).

**notificado al acusado la lista de los nombres y direcciones de los testigos que El Pueblo se propone usar en el juicio".[52]** (Énfasis suplido).

Además de las reglas mencionadas, la Regla 38 de Procedimiento Criminal, *supra*, es otro de los mecanismos que permiten el acceso a esta información. Esta provee para que la acusación, denuncia o el escrito de especificaciones pueda enmendarse. El inciso (b) de esta regla dispone que

> [s]i la acusación o la denuncia adolecieren de algún defecto u omisión sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación, el acusado tendrá derecho a que se le celebre de nuevo el acto de la lectura de la acusación. Si se tratare de una denuncia, el acusado tendrá derecho a que el juicio se le celebre después de los cinco (5) días siguientes a aquél en que se hiciere la enmienda.

En *Pueblo v. González*, 97 DPR 541, 543 (1969), expresamos que esta regla "debe ser interpretada y aplicada no solamente de modo que asegure la tramitación justa de

---

[52] 34 LPRA Ap. II. Sabido es que, como norma general, los testigos que el fiscal ha citado como parte de la investigación no necesariamente formaran parte de la lista de testigos que el funcionario del Estado utilizará en el juicio. Pues, se ha reconocido la discreción que los tribunales tienen de autorizar al Ministerio Público a incluir y examinar a un testigo cuyo nombre no aparecía al dorso de la acusación. Véase, Chiesa, *op. cit*, 1993, Vol. III, sec. 24.2, págs. 171-172.

Sin embargo, las reglas disponen que esto debe hacerse antes de que comience el juicio y la discreción debe ser ejercida de modo que garantice las salvaguardas procesales en favor del acusado. Además, hemos expresado que, ante la solicitud de la defensa de los nombres y direcciones de las personas interrogadas por el ministerio fiscal, debe suplirse si alguna puede presentar prueba favorable al acusado. Véase, *Pueblo v. Echevarría Rodríguez, supra; Pueblo v. Cancel*, 111 DPR 625 (1981). Véase, además, Chiesa, *op. cit*, 1992, Vol. II, sec. 10.3, pág. 34. Véase, además, *Pueblo v. Morales Rivera*, 112 DPR 463, 467 (1982).

todo procedimiento y evite dilaciones y gastos injustificados, sino que debe aplicarse de forma que se logre la liberalidad y flexibilidad en los procedimientos criminales, **salvaguardando siempre los derechos del acusado**". (Énfasis suplido).

Ahora bien, una vez el Ministerio Público **decide no utilizar a un testigo o renuncia a alguno de ellos tiene la obligación de ponerlo a la disposición de la defensa**. Así, en ocasiones previas hemos señalado que "el Estado está obligado a poner en la disposición de la defensa a los testigos de cargo previamente anunciados y **que decide no utilizar o cuando renuncia a ellos**".[53] (Énfasis suplido).

A tales efectos, las Reglas de Evidencia preceptúan que el no hacerlo activa la presunción de que, de haber declarado el testigo, su testimonio le hubiese sido adverso.[54] Si una parte actúa conforme a este principio de que "toda evidencia voluntariamente suprimida resultará adversa si se ofreciere", se piensa que la motivación para ello es que la prueba no le es favorable.[55]

Finalmente, cabe señalar que una vez la persona se convierte en testigo de la defensa, el Estado está vedado de entrevistarlo hasta en la etapa del contrainterrogatorio

---

[53] *Pueblo v. Rivera Rivera*, *supra*, pág. 379.
[54] Véase Regla 304 (5) de Evidencia de Puerto Rico, 32 LPRA Ap. VI.
[55] R. Emanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, 4ta ed., Ediciones SITUM, 2012, págs. 171-172.

en el juicio plenario.[56] Es decir, que su intervención está limitada a contrainterrogarlo en el juicio.

## III

Debemos determinar, en primer lugar, si el Ministerio Público podía anunciar como testigo de cargo a un perito, luego de que reiteradamente expresó al tribunal que no lo utilizaría; y si la defensa tenía la obligación de anunciar en corte abierta que utilizaría ese perito como su testigo o bastaba que notificara al Ministerio Público mediante una carta en la etapa del descubrimiento de prueba. La contestación a ambas interrogantes es no.

Nótese, que el único señalamiento de error va dirigido a impugnar el dictamen del Tribunal de Primera Instancia que permitió que **momentos antes del juicio** el Ministerio Público incluyera como testigo de cargo a la doctora Laras. Esto, luego de que este último, en reiteradas ocasiones, expresó que la perito no era testigo de cargo, que no utilizaría su testimonio en el juicio, y más aún, cuando la defensa le había notificado que la perito sería su testigo.

Según se infiere del expediente, en las acusaciones que el Ministerio Público presentó, señaló que utilizaría de siete a ocho testigos de cargo. En las listas **no constaba el nombre de la doctora Laras como testigo**. Luego, cuando la defensa supo que el Estado había realizado evaluaciones

---

[56] Art. 11 del Código de Enjuiciamiento Criminal, 34 LPRA sec. 11. Véase, además, *Hoyos Gómez v. Tribunal Superior*, *supra*, pág. 204.

psicológicas a las presuntas víctimas, específicamente requirió el informe preparado por la doctora Laras y la información personal de esta. No obstante, el Fiscal no entregó ninguna.

Posteriormente, el día que se celebró la vista sobre el estado de los procedimientos, la defensa volvió a plantear al tribunal que aún no le habían entregado el referido informe. Ante ello, el Fiscal alegó que lo envió a una dirección de correo electrónica incorrecta. Sin embargo, reconoció que la doctora no era parte de sus testigos de cargo y que entregó el informe únicamente ante el planteamiento de la defensa de que este presuntamente contenía prueba exculpatoria.

A esos efectos, cabe destacar que cuando el peticionario solicitó que se le permitiera contar con una psicóloga clínica que examinara a las presuntas víctimas, el Fiscal se opuso categóricamente. Señaló que la defensa no tenía tal derecho porque el Estado no había realizado evaluaciones psicológicas y tampoco había anunciado que utilizaría algún perito. Ante este marco fáctico, los foros inferiores, incluso este Tribunal, denegamos la solicitud del peticionario.[57] Así, todos los intentos de la defensa para obtener prueba pericial a su favor habían sido

---

[57] En *Pueblo v. Canino Ortiz*, 134 DPR 796 (1993), y luego reafirmamos en *Pueblo v. Olmeda Zayas*, *supra*, que únicamente procede autorizar un examen de este tipo si es necesario para refutar una opinión diagnóstica de abuso sexual ofrecida por un perito del Ministerio Público.

denegados ante la postura inicial del Ministerio Público de que no utilizaría esta prueba.

Ahora bien, **el mismo día** del juicio el Fiscal informó —**sorpresivamente y por primera vez**— que la doctora Laras sería parte de los testigos de cargo. Es decir, el Estado tardó desde mayo de 2017 —cuando se presentaron las acusaciones— hasta marzo de 2018 —día en que comenzó el juicio— para anunciar que la utilizaría como testigo de cargo. **Ello, aun cuando esta perito y su informe había sido tema de discusión amplia entre las partes, y, precisamente, contrario a lo que le había expresado antes al tribunal.**[58]

Conforme discutimos, las Reglas de Procedimiento Criminal que regulan el proceso de descubrimiento de prueba disponen que el Ministerio Público tiene la obligación de entregar al acusado una copia de la acusación con una lista de testigos, antes de que este formule acusación alguna. También, la de informar al acusado sobre cualquier prueba o material que tenga, incluso el nombre y la dirección de los testigos que se propone utilizar. Ello, en un plazo **no mayor de diez días antes del juicio.** Ese conocimiento anticipado de los testigos permitirá a la defensa a ejercer sus funciones de forma efectiva y que el acusado goce del derecho a una defensa adecuada.

---

[58] Cabe resaltar que la notificación del fiscal para incluir a la doctora Laras como testigo de cargo ocurrió al día siguiente que proveyéramos "no ha lugar" a la petición de *certiorari* presentada por el señor Rodríguez González.

Ciertamente, en el pasado hemos sostenido que, **al momento de acusar**, el fiscal no está limitado a presentar una cantidad de testigos. Asimismo, hemos determinado que el tribunal puede permitir la inclusión posterior de testigos no anunciados en la acusación si no se alega "sorpresa, ni perjuicio, ni necesidad de tiempo para refutar sus declaraciones".[59]

No obstante, las Reglas de Procedimiento Criminal no están conceptualizadas en el vacío. Estas claramente disponen que el Fiscal tiene el deber de notificar al acusado aquella prueba pertinente que se dispone a utilizar en el juicio. Más aún, en aquellos casos en los que el acusado, mediante el mecanismo dispuesto en las reglas, la solicita por resultar relevante para su defensa adecuada. El estatuto también dispone el término que tiene el Ministerio Público para cumplir con esta exigencia.

Por otro lado, si bien hemos establecido que el Ministerio Público tiene la prerrogativa de decidir si pone a los testigos de cargo —anunciados como tal en la acusación o denuncia— no utilizados en el juicio en favor de la defensa,[60] también hemos expresado que cuando el

---

[59] *Pueblo v. Rivera Santiago,* 176 DPR 559, 588-589 (2009); *Pueblo v. Ramos Álvarez*, 118 DPR 782, 789 (1987); *Pueblo v. Santiago*, 56 DPR 109 (1940).

[60] En ese sentido, le corresponde decidir si acusa y procesa a un sospechoso de delito, indistintamente de la cantidad de prueba o de testigos que tenga para ofrecer. Si no utiliza algún testigo tiene la obligación de ponerlos en disposición de la defensa. Esto tiene el propósito de evitar que se active la presunción de que, de haber declarado el testigo, su testimonio le hubiera sido adverso al Pueblo. Véase *Pueblo v. Rivera Santiago*, 176 DPR 559, 583-584 (2009); *Pueblo v. Rivera Rivera*, *supra*, pág. 379.

Fiscal renuncia a alguno de los testigos tiene la obligación de ponerlo en la disposición de la defensa.[61] Asimismo hemos afirmado que **"[r]enunciado el testigo de cargo, la defensa está en libertad de entrevistarlo y puede optar por presentarlo como su testigo"**.[62] (Énfasis suplido). En ese sentido, una vez renunciado, si la defensa decide utilizarlo como su testigo, el Fiscal solo podrá contrainterrogarlo en el juicio.

Evidentemente, no estamos ante una controversia sobre la admisibilidad o la exclusión del testimonio de la perito, sino sobre una disputa en cuanto a quién tiene derecho a presentarla como su testigo.[63] Ello, una vez una de las partes, en este caso el Ministerio Público, renuncia o decide no utilizarla ante el foro judicial. Pues, no fue que la Fiscalía omitió por inadvertencia incluir a la doctora Laras en su lista de testigos. Tampoco estamos ante el hecho de que dejó de consignar en la acusación la inclusión de esta, ya que en ningún momento procuró enmendarla para incluirla. Por el contrario, se trata de que el Ministerio Público, reiteradamente y hasta el último momento, negó que la utilizaría como testigo de cargo. Esa negación, equivale a una renuncia.

---

[61] Íd.

[62] *Pueblo v. Rodríguez Aponte*, *supra*, pág. 661.

[63] Distíngase de la controversia que originó *Pueblo v. Santos Santos,* 189 DPR 361 (2013), y *Pueblo v. Santos Santos*, 185 DPR 709 (2012). Por otro lado, cabe mencionar que cuando el Estado recurre ante foros apelativos y sus planteamientos no serían revisables, o no se podría conceder un remedio adecuado para corregir el error cometido, hemos intervenido. *Pueblo v. Pérez Santos,* 195 DPR 262 (2016); *Pueblo v. Guerrido López*, 179 DPR 950 (2010).

Cabe puntualizar que, aun cuando la defensa pudo haber conocido el contenido del informe, la solicitud por parte del Ministerio Público para que se incluyera, a última hora, a la doctora Laras como testigo de cargo, sin duda alguna, fue sorpresiva. Mas aun cuando la defensa le notificó a la Fiscalía que la utilizaría como testigo y esta última nunca mostró oposición.

Finalmente, no nos persuade el argumento del Ministerio Público en cuanto a que si la defensa quería que la doctora fuera su testigo tenía que hacer su petición en corte abierta a través de una moción. ¿No es ese, precisamente, uno de los propósitos del descubrimiento de prueba? Además, las Reglas de Procedimiento Criminal no le requiere a la defensa a presentar una solicitud al tribunal para contar con "X" o "Y" testigo. Como mencionamos, el Ministerio Público ni siquiera presentó reparos cuando la defensa le notificó extrajudicialmente que se proponía a utilizar a la perito como parte de sus testigos.

Al hacer determinaciones al amparo de la Regla 95, el tribunal debió considerar las circunstancias particulares del caso, la prueba que solicitó el acusado y las posibles alternativas disponibles para cumplir con el propósito de hacer un balance justo y adecuado; mediante prácticas procesales que faciliten el descubrimiento de la verdad, no

que lo obstaculicen.[64] En este caso en particular no se cumplió con este propósito.

No hay duda de que la determinación del foro primario tiene repercusiones directas en la adecuada defensa del señor Rodríguez González. La capacidad para entrevistar a la testigo, para compeler su comparecencia y la intervención que puede tener el fiscal con la perito antes del juicio —a pesar de manifestar en repetidas ocasiones que no la utilizaría como testigo— son algunas de estas implicaciones.

En resumen, una vez el Ministerio Público manifestó una y otra vez que no utilizaría a la doctora Laras como testigo de cargo y la defensa notificó que la utilizaría como su testigo en el descubrimiento de prueba, sin la oposición del Fiscal, este estaba vedado de anunciarla y utilizarla posteriormente. Ello, independientemente la haya entrevistado en el proceso de investigación.

En la misión de hacer justicia, a los jueces se les ha reservado el poder de la discreción y se requiere que esta facultad se aplique de forma razonable "para llegar a una conclusión justiciera".[65] A la luz de los hechos particulares de este caso, nuestra intervención es necesaria. En este sentido, es indispensable que se

---

[64] Véase *Pueblo v. Cancel*, *supra*, pág. 627.
[65] *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004). Véanse, además, *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Pueblo v. Méndez Rivera*, 188 DPR 148, 157 (2013); *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964).

salvaguarden los derechos constitucionales y las garantías procesales que cobijan a todo acusado de delito para evitar, entre otras cosas, ocasionar perjuicios indebidos que propicien resultados adversos. Abdicar nuestra función revisora en esta etapa, dada la controversia planteada, veda e impide que se pueda proveer algún remedio en una etapa apelativa. Si de algo no hay duda es que, entre otras cosas, no podríamos revertir que se garanticen los derechos que pueden tener las partes para intervenir o no con los testigos de la parte contraria en el transcurso del juicio.

Ante esta situación particular, colegimos que la determinación del foro de primera instancia no fue la conclusión más justa.[66] Como consecuencia, resolvemos que una vez el Ministerio Público renuncia o manifiesta al tribunal que no utilizará a un perito como testigo de cargo, si la defensa lo anuncia como su testigo, sin la oposición del Ministerio Público, podrá utilizarlo. Lo anterior, aunque el Estado lo haya entrevistado en la etapa de investigación. En estos casos la defensa no está obligada a anunciarlo en corte abierta, pues la notificación al Ministerio Público es suficiente.

## IV

Por los fundamentos enunciados, se expide el recurso

---

[66] Los jueces de primera instancia siempre tienen a su alcance el mecanismo que provee la Regla 607 (A) de Evidencia de Puerto Rico, 32 LPRA Ap. VI, la cual da amplia discreción para, de entenderlo necesario, cambiar el orden en que se presenta la prueba y se interroga a los testigos.

de *certiorari* presentado por el peticionario y revocamos la resolución recurrida emitida por el Tribunal de Apelaciones. Por consiguiente, se devuelve el caso al Tribunal de Primera Instancia para que continúe los procedimientos conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.


                              Edgardo Rivera García
                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Edgar A. Rodríguez González<br><br>Peticionario | CC-2018-0465 | |

SENTENCIA

En San Juan, Puerto Rico, a 17 de abril de 2019.

Por los fundamentos expuestos en la Opinión que antecede, los cuales se hacen formar de la presente sentencia, expedimos el recurso de certiorari presentado por el Sr. Edgar A. Rodríguez González y revocamos la resolución recurrida emitida por el Tribunal de Apelaciones. Por consiguiente, devolvemos el caso al Tribunal de Primera Instancia para que continúe los procedimientos de conformidad con lo aquí resuelto.

Notifíquese de inmediato.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres disiente y emite la expresión siguiente:

"El Juez Asociado señor Martínez Torres disiente porque opina que no debemos intervenir con el dictamen del Tribunal de Primera Instancia en esta etapa de los procedimientos. Aquí ya comenzó el juicio con la selección de los paneles de jurados. Por eso, me parece que lo aconsejable es no utilizar el auto extraordinario de certiorari para intervenir con un dictamen sobre la admisibilidad de prueba testifical, comenzado ya el juicio. Mientras resolvimos esto, se paralizó la continuación del juicio y se dejó 'en el aire' a las personas que conforman los paneles del jurado. El interés público se sirve mejor si permitimos que concluya el juicio. La defensa puede plantear la exclusión

de su testigo como error perjudicial en una apelación, en caso de serle adverso el veredicto. Por el contrario, si el peticionario fuera absuelto, nuestra intervención sería innecesaria. Como mínimo, el Tribunal debería explicar la excepcionalidad de la situación que le hace intervenir en esta etapa mediante el mecanismo extraordinario de certiorari. Al no discutir eso, abre la puerta para que en casos futuros se invoque la intervención de los foros apelativos con cualquier anomalía evidenciaria en el juicio. Eso no es aconsejable".

La Jueza Presidenta Oronoz Rodríguez no interviene.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo